IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS EDWARDS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-270 E |
| | ) Magistrate Judge Maureen P. Kelly |
| R.P. GADLEY, SUPERINTENDENT | ) |
| D. SAUERS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Nicholas Edwards ("Plaintiff" or "Edwards"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and currently housed at the State Correctional Institution at Forest ("SCI-Forest"), has filed this pro se action for the alleged violation of his First Amendment rights. Plaintiff alleges that Defendant, Corrections Officer R.P. Gadley ("Defendant" or "Gadley"), filed a false misconduct charge against Plaintiff for his filing of a grievance in which he alleged inappropriate touching by Defendant Gadley during a routine "pat down" search.[1] As a result of the disposition of the misconduct charge, Plaintiff was placed in disciplinary custody within SCI-Forest for 60 days, with a concomitant loss of privileges. For the reasons stated below, Defendant's Motion for Summary Judgment [ECF No. 22] is granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 28, 2010, Plaintiff was pulled aside during a routine inmate security check and "pat-searched" by Defendant. Plaintiff alleges that during the search, Defendant "squeezed/fondled" his testicles, prompting Plaintiff to call the DOC "sex abuse hotline" and file a grievance against Defendant. [ECF No. 25-1, p.1]. The grievance was investigated by Captain

---

[1] Defendant Superintendent D. Sauers was dismissed from this action by Order of Court dated April 25, 2011.

Mongelluzzo, who interviewed both parties. Id. Apparently, no further administrative or disciplinary action was taken with respect to Plaintiff's grievance. Plaintiff alleges, however, that twelve days later, on August 9, 2010, Defendant retaliated against Plaintiff for filing the grievance by fabricating a misconduct incident involving the use of abusive and threatening language. Id. Plaintiff denies using abusing language and further denies threatening Defendant. Id.

In support of the current Motion for Summary Judgment, Defendant submits the misconduct report, which indicates that on August 9, 2012, Defendant instructed Plaintiff to tuck in his shirt. Plaintiff responded, "Fuck you, I'm tired of this shit. I'm going to get you." [ECF No. 22-2, p.2]. Plaintiff was charged with two violations for using abusive language and for threatening an employee. The misconduct report resulted in a disciplinary hearing. Plaintiff pleaded not guilty, claiming the misconduct report was filed in retaliation for his earlier grievance. Plaintiff further claimed that his shirt was tucked in and he complied by adjusting it in place. Plaintiff's written statement, however, concedes that he did respond to Defendant, telling Defendant he would report him for retaliation and said "I'm tried (*sic*) of you keep harassing me." [ECF No. 22-2, p.5].

Defendant Gadley's version of the occurrence was determined to be "more credible than Edwards' denial" and Plaintiff was found guilty of the charged offenses. [ECF No. 22-2, p. 4]. As a result, Plaintiff was placed in disciplinary custody within SCI-Forest for sixty days, with a concomitant loss of privileges. Id.

Plaintiff filed an appeal from the misconduct hearing, asserting that Defendant issued the misconduct in retaliation for Plaintiff's sexual abuse grievance. The DOC three-member

Program Review Committee sustained the findings of the Hearing Examiner, concluding that the Hearing Examiner's credibility determination was supported by the facts and that the procedures followed in arriving at the decision were in compliance with the law. [ECF No 22-2, p.7]. Plaintiff filed an appeal of the Program Review Committee's decision to the Superintendent, again asserting that the misconduct was fabricated in retaliation for his earlier grievance. [ECF No. 22-2, p. 8]. The Superintendent affirmed the findings of the Hearing Examiner and the Program Review Committee. [ECF No. 22-2, pp. 9, 11]. Plaintiff filed a final appeal to the DOC Chief Hearing Examiner, who also reviewed the findings of the Hearing Examiner, and determined that there was sufficient evidence to support the Hearing Examiner's findings of fact. In addition, the Chief Hearing Examiner determined that because there was sufficient evidence to support the misconduct issued, Plaintiff failed to establish a nexus between the earlier sexual abuse grievance filed against the Defendant and the misconduct issued two weeks later. Accordingly, the Chief Hearing Examiner found insufficient evidence to support Plaintiff's allegation that Defendant retaliated against Plaintiff by issuing the misconduct. [ECF No. 22-2, p. 12].

In response to Defendant's Motion for Summary Judgment, Plaintiff has filed two affidavits of fellow inmates at SCI-Forest, each of them contending that the SCI-Forest Hearing Examiner routinely and without cause finds the reports of prison staff more credible than the denials of inmates. [ECF No. 25-1, pp. 2-4].

## II. STANDARD OF REVIEW

Summary judgment is warranted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

3

and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Public Service Electric & Gas Company, 364 F.3d 135, 140 (3d Cir. 2004). When the moving party has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (2). The mere existence of some evidence favoring the non-moving party, however, will not defeat the motion. There must be enough evidence with respect to a particular issue to enable a reasonable jury to find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). See McGreevy v. Stroup, 413 F.3d 359, 363-64 (3d Cir. 2005). In evaluating the evidence at the summary judgment stage, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007).

## III. DISCUSSION

In order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) that he was subjected to adverse actions by a state actor (here, the prison officials); and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997). If the plaintiff proves these three elements, the burden shifts to the state actor to prove that it would have taken the same action without the unconstitutional factors. Mt. Healthy, 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of

4

a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

Moreover, the filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited "retaliation" unless the report is, in fact, false. In other words, the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not filed a grievance. See Harris–Debardelaben v. Johnson, 121 F.3d 708, 1997 WL 434357, at *1 (6th Cir. July 31, 1997); Hynes v. Squillace, 143 F.3d 653, 657 (2d Cir. 1998), *cert. denied*, 525 U.S. 907 (1998); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir.1994) (a finding of guilty of a prison rule violation based on some evidence "essentially checkmates [the] retaliation claim."), *cert. denied*, 515 U.S. 1145 (1995). See also Alexander v. Fritch. 396 F. App'x 867, 874 (3d Cir. 2010) (holding that "because there was evidence to support the hearing examiner's finding of guilt, there was a legitimate penological reason for the charge and punishment"); Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002) (noting that even if prison officials were motivated by animus to jailhouse lawyers, there was sufficient evidence of the plaintiff's misconduct offenses to conclude that the misconducts would have issued notwithstanding his jailhouse lawyering); Allah v. Al–Hafeez, 208 F. Supp.2d 520 (E.D. Pa. 2002).

Viewing the evidence presented in the light most favorable to Plaintiff as the nonmoving party, there is no evidence to support Plaintiff's claim of retaliation. Further, even if Plaintiff's earlier grievance was a motivating factor in Defendant's issuance of the misconduct (which is

not conceded by Defendant), the record unequivocally establishes that the misconduct was properly issued and served a legitimate penological interest in maintaining order and security at SCI-Forest.

The evidence presented establishes that the issuance of the misconduct was in response to Plaintiff's statements to Defendant. While Plaintiff disputes the specific content of the statements made, he admits that he did verbally respond to Defendant's order to tuck in his shirt, stating that he told Defendant "if he keeps harassing me … I will report him." [ECF No. 22-2, p. 5]. The Hearing Examiner found Defendant's version of the incident more credible, concluding that the Plaintiff did, indeed, use threatening and abusive language. This finding was upheld after a multi-level review process and has not been reversed or amended at any time. Accordingly, Defendant has met his burden to show that he would have taken the same disciplinary action against Plaintiff even in the absence of his having filed a grievance against the Defendant.

The affidavits of two other inmates regarding collateral disciplinary proceedings unrelated to the Plaintiff are insufficient to create a material issue of fact regarding Plaintiff's purported innocence of the misconduct charge against him. Nothing whatever suggests that the misconduct charge was unsupported by the evidence. Moreover, the misconduct charge plainly served a penological purpose. Thus, Plaintiff has failed to show the required causal link between his grievance and the issuance of the misconduct charges and has not overcome the affirmative defense that he was guilty. In the absence of a material issue of fact, Defendant is entitled to the entry of summary judgment as a matter of law. Pelzer v. Shea, (No. 11-4644), 2012 WL 975430 (3d Cir. March 23, 2012); Bonaparte v. Beck, 441 Fed. Appx. 830 (3d Cir. 2011).

IV.     **CONCLUSION**

For the foregoing reasons, the motion [ECF No. 22 ] is granted.  An appropriate Order follows.

**<u>ORDER</u>**

AND NOW, this 16th day of May, 2012, it is hereby ORDERED that the Motion for Summary Judgment (ECF No. 22) filed by the Defendant, Corrections Officer Gadley, is GRANTED.

<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2012

cc:     All counsel of record by Notice of Electronic Filing

        Nicholas Edwards
        GM 8660
        SCI Forest
        P.O. Box 945
        Marienville, PA 16239